CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 24, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTY S., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No: 7:23-cv-34 |

**OPINION AND ORDER**

This social security disability appeal was referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on August 5, 2024, recommending that this court affirm the Commissioner's final decision. Dkt. 27. Plaintiff filed objections to the R&R and this matter is now ripe for consideration. I overrule Plaintiff's objections, adopt the magistrate judge's R&R in its entirety, and affirm the Commissioner's final decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.

## II. DISCUSSION

### A. Standard of Review

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454,

460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); *see also Biestek*, 139 S. Ct. at 1154 (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make

credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d at 589). However, a reviewing court should not "reflexively rubber-stamp an ALJ's findings," *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

### B. Analysis

Plaintiff objects to the following aspects of the R&R:

1) The R&R erred by asserting that plaintiff merely submitted conclusory statements without facts or arguments as to why the ALJ's findings regarding A.S.'s functioning in the domain of Caring for Himself is not supported by substantial evidence.

2) The R&R erred in concluding that substantial evidence supports the ALJ's conclusion that A.S. has less than marked limitations in the domain of Caring for Himself.

3) The R&R erred by ignoring significant parental and other adult support given to A.S. to complete tasks such as bathing and dressing, getting to school on time, staying at school, and that A.S. must take breaks when using his hands due to pain.

4) The R&R erred by failing to recognize that the domain of Caring for Himself requires more than the ability to eat and dress independently, but instead examines how well a child copes with stress and changes in his/her environment and whether the child takes care of his/her own health, possessions and living area.

5) The R&R erred by failing to address the significant evidence of record documenting the severe impact of A.S.'s anxiety on his ability to calm himself, handle stress and changes in his environment and deal with his emotional wants and needs.

6) The R&R erred in concluding that the ALJ built a logical bridge between the evidence and his conclusion that A.S. has less than marked limitations in the domain of Caring for Himself.

7) The R&R erred in concluding that substantial evidence supports the ALJ's assessment of the allegations of A.S. and plaintiff.

8) The R&R erred in finding that the ALJ properly considered plaintiff's allegations regarding A.S.'s symptoms and allegations and rafted and evidence-based assessment of A.S.'s abilities and limitations.

9) The R&R erred by ignoring the deficiencies in the ALJ's assessment of A.S.'s impairments and testimony from plaintiff documenting A.S.'s severe anxiety.

I have conducted a careful de novo review of Plaintiff's objections, the record, the R&R, the arguments of counsel, and the applicable law, and agree with the magistrate judge's recommendation. I find that the magistrate judge applied the proper standard of review, that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law, and that the ALJ's decision is in accord with relevant case precedent.

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections to the R&R, Dkt. 28, are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation, Dkt. 27, is fully **ACCEPTED** and **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment, Dkt. 14, is **DENIED**;

4. The Commissioner's Motion for Summary Judgment, Dkt. 24, is **GRANTED in part**;

5. The decision of the Commissioner is **AFFIRMED**; and

6. A separate final judgment will be entered.

Entered:  September 24, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge